UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KAREN SELIG-PAED,<br><br>                    Plaintiff,<br><br>v.<br><br>TRACY W. THOMSON,<br><br>                    Defendant. | Case No. 4:11-cv-0076-BLW<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

Plaintiff filed a Petition for Removal (Dkt. 2) on February 25, 2011, seeking to remove a matter (Case No. 054701661 DA) from the Judicial District Court of Utah, Davis, County, to this Court.  It appears from the petition that Plaintiff is attempting to remove a divorce and child custody action pending in Utah state court to this federal district court.  As more fully expressed below, the Court will dismiss the matter for lack of jurisdiction.

A United States district court must examine petitions or notices seeking removal to confirm that federal jurisdiction is proper.  28 U.S.C. § 1446(c)(4); *Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).  Whether subject matter jurisdiction exists is a question of law. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). And removal jurisdiction is statutory, and strictly construed. *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769,

**ORDER - 1**

774 (9th Cir. 1986). If there is any doubt as to the right of removal, jurisdiction must be rejected. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## DISCUSSION

Plaintiff's Petition for Removal suffers from numerous procedural and substantive deficiencies, and under the most liberal construction, fails to state a cognizable claim for relief under federal court jurisdiction.  As a matter of procedure, removal is generally available to defendants only. 28 U.S.C. 1441(a); *see Columbia Gas & Elec. Corp. v. American Fuel & Power Co.*, 322 U.S. 379, 383-84 (1944).  Also, a civil action brought in state court, but for which the federal district court has original jurisdiction may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441.  In this case, the appropriate court would be the United States district court for the District of Utah.

As to the substance of Plaintiff's petition, removal is inappropriate.  Family law matters are within the exclusive jurisdiction of the state courts.  *See Ankenbrandt v. Richards*, 504 U.S. 689, 112 S. Ct. 2206 (1992) (the United States Supreme Court has recognized a "domestic relations exception" to federal jurisdiction, which means that federal courts may not hear divorce, alimony, or child custody cases); *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968). It appears from Plaintiff's petition that her case concerns modification of child support and/or custody from a divorce decree, which are squarely within the jurisdiction of state and not federal court.

For these reasons, the Court will reject Plaintiff's Petition for Removal.

**ORDER - 2**

## ORDER

**IT IS ORDERED** that this matter be DISMISSED for lack of jurisdiction.  A separate Judgment will follow.



DATED:  **November 14, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge

ORDER - 3